IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

DANIEL RAMIREZ and
JASON SIMPSON,

      Plaintiffs,

v.                                                                    C.A. NO.: 10-79

OIL PATCH RENTAL SERVICE, INC.
and JIM ELZNER,

      Defendants.

_____/

## ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW the Plaintiffs, by and through their undersigned counsel, and sue the

Defendants, OIL PATCH RENTAL SERVICE, INC., and JIM ELZNER, and in support thereof state

as follows:

1.      Plaintiffs bring this action for overtime compensation and other relief under the Fair

Labor Standards Act, as amended, 29 U.S.C. §216(b).

2.      Plaintiff, DANIEL RAMIREZ, is an individual residing in Victoria County, Texas.

3.      Plaintiff, JASON SIMPSON, is an individual residing in Victoria County, Texas.

4.      Defendant, OIL PATCH RENTAL SERVICE, INC., is a corporation formed and

existing under the laws of the State of Texas and which maintains and operates an office in Victoria

County, Texas.

5.      Defendant, JIM ELZNER  is an individual residing in Victoria County, Texas, and at

all times relevant to this claim acted directly or indirectly in the interest of Defendant, OIL PATCH

RENTAL SERVICE, INC., in relation to Plaintiffs' employment and was substantially in control of

the terms and conditions of the Plaintiffs' work.  Defendant, JIM ELZNER was an employer as

defined by 29 U.S.C. §203(d).

6.      Jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and by Title 29 U.S.C. §216(b).  At all times pertinent to this complaint, OIL PATCH RENTAL SERVICE, INC. was an enterprise engaged in interstate commerce.  At all times pertinent to this Complaint, Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).  Additionally, Plaintiffs were individually engaged in commerce and their work was essential to Defendants' business.

7.      Venue is proper in this district under 28 U.S.C. § 1391.

8.      Plaintiff DANIEL RAMIREZ worked for Defendants from February 2008 through April 2008 and from November 2009 through May 2010 as a service technician.

9.      Plaintiff JASON SIMPSON worked for Defendants from July 13, 2009 through June 9, 2010 as a service technician

10.     During one or more weeks of each of the Plaintiffs' employment with Defendants, each of the Plaintiffs have worked in excess of forty (40) hours (overtime hours).

11.     During one or more weeks of each of the Plaintiffs' employment with Defendants wherein each of the Plaintiffs worked overtime hours, Defendants have failed to pay each of the Plaintiffs one and one-half times his respective regular rate of pay for each overtime hour worked.

### Count I-Daniel Ramirez

12.     Plaintiff DANIEL RAMIREZ realleges and incorporates herein the allegations contained in Paragraphs 1 through 2 and 4 through 11 above.

13      The acts described in the preceding paragraph violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of forty (40) hours

per workweek.  Defendants willfully violated Plaintiff's rights under the FLSA.

14.     As a result of Defendants' unlawful conduct, Plaintiff DANIEL RAMIREZ is entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid.

15.     Plaintiff DANIEL RAMIREZ further seeks liquidated damages as a result of Defendants' willful failure and refusal to pay overtime in violation of Section 7 of the FLSA, 29 U.S.C. § 207.

16.     Plaintiff DANIEL RAMIREZ also seeks compensation of the out-of-pocket expenses and costs of court he will have incurred in this action.  Plaintiff DANIEL RAMIREZ  is also entitled to reasonable and necessary attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, PREMISES CONSIDERED, Plaintiff DANIEL RAMIREZ requests that:

1.  The Court assume jurisdiction of this cause and that Defendants be cited to appear;

2.  The Court award damages to Plaintiff as specified above with Defendants being found jointly and severally liable;

3.  The Court award reasonable and necessary attorneys' and expert fees and costs;

4.  The Court award Plaintiff pre-judgment and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

### Count II-Jason Simpson

17.     Plaintiff JASON SIMPSON realleges and incorporates herein the allegations contained in Paragraphs 1 and 3 through 11 above.

18     The acts described in the preceding paragraph violate the Fair Labor Standards Act,

which prohibits the denial of overtime compensation for hours worked in excess of forty (40) hours per workweek.  Defendants willfully violated Plaintiff's rights under the FLSA.

19.     As a result of Defendants' unlawful conduct, Plaintiff JASON SIMPSON is entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid.

20.     Plaintiff JASON SIMPSON  further seeks liquidated damages as a result of Defendants' willful failure and refusal to pay overtime in violation of Section 7 of the FLSA, 29 U.S.C. § 207.

21.     Plaintiff JASON SIMPSON also seeks compensation of the out-of-pocket expenses and costs of court he will have incurred in this action.  Plaintiff JASON SIMPSON  is also entitled to reasonable and necessary attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, PREMISES CONSIDERED, Plaintiff JASON SIMPSON requests that:

1.  The Court assume jurisdiction of this cause and that Defendants be cited to appear;

2.  The Court award damages to Plaintiff as specified above with Defendants being found jointly and severally liable;

3.  The Court award reasonable and necessary attorneys' and expert fees and costs;

4.  The Court award Plaintiff pre-judgment and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted this 02nd day of October, 2010.

> **ROSS LAW GROUP**
> 1104 San Antonio Street
> Austin, Texas 78701
> (512) 474-7677 Telephone
> (512) 474-5306 Facsimile
>
> CHARLES L. SCALISE
> Texas Bar No. 24064621
>
> ATTORNEY FOR PLAINTIFF